IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-107-BO-KS

LaKEACHA LaTOYA ANDERSON,          )
                                    )
                Plaintiff,          )
                                    )
        v.                          )
                                    )          O R D E R
HILLCREST OF FAYETTEVILLE, NC       )
INC., d/b/a "KFC"                   )
                                    )
                Defendant.          )

This cause comes before the Court on the memorandum and recommendation (M&R) of United States Magistrate Judge Brian S. Meyers. [DE 21] Magistrate Judge Meyers recommends defendant's motion to dismiss [DE 14] the complaint of plaintiff be GRANTED and all of plaintiff's claims against defendant be DISMISSED. Plaintiff filed an objection to the M&R after the time for doing so had expired [DE 22], and the matter is ripe for review. For the following reasons, the M&R of Magistrate Judge Meyers is adopted.

BACKGROUND

Plaintiff filed a charge of discrimination [DE 1-2] with the U.S. Equal Employment Opportunity Commission and received a right to sue letter on November 25, 2024. [DE 1-5]. On February 25, 2025, plaintiff, proceeding *pro se*, filed a complaint [DE-1] against defendant. On May 28, 2025, defendant filed a motion to dismiss [DE 14] with a supporting memorandum. [DE 15]. On July 11, 2025, the plaintiff filed a response in opposition [DE 17] with a supporting memorandum. [DE 18]. On February 3, 2026, Magistrate Judge Meyers filed a M&R [DE 21], agreeing with defendant's dismissal argument that plaintiff's claim was time-barred by the relevant statute. *See* 42 U.S.C. § 2000e-5(f)(1).

On February 19, 2026, the deadline for filing objections to the M&R expired. Plaintiff filed an untimely objection on February 27, 2026. In that objection, she argues equitable tolling should apply to her claim because "[e]vidence that wasn't available . . . became available at the last minute." [DE 22]

## DISCUSSION

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (cleaned up) (emphasis omitted); *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party's objections must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond*, 416 F.3d at 315 (internal quotation and citation omitted).

Plaintiff has failed to timely object to the M&R. The Court has reviewed the M&R and is satisfied that there is no clear error on the face of the record. Moreover, even having considered plaintiff's untimely objection, it fails on the merits because plaintiff did not explain what the new evidence is, or why she was unable to file on time in the absence of that evidence. *See Donald v. Novant Health, Inc.*, 689 F.Supp.3d 170, 177 (E.D.N.C. 2023) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2005) ("Equitable tolling requires a litigant to establish: '(1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing.' ") (alteration in original)).

2

## CONCLUSION

The Court has reviewed the M&R for clear error and finds none. Accordingly, the M&R [DE 21] is ADOPTED in full. Defendant's motion to dismiss [DE 14] is GRANTED; all of plaintiff's claims against defendant are DISMISSED. The clerk is DIRECTED to close the case.

SO ORDERED, this __4__ day of March 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3